1

2

3

4

5

6

7

8

9

10        UNITED STATES DISTRICT COURT

11            EASTERN DISTRICT OF CALIFORNIA

12

13    PAUL RAY WILLIAMS,                    )    1:07-CV-01579 OWW GSA HC
                                            )
               Petitioner,                  )    FINDINGS AND RECOMMENDATION
14                                          )    REGARDING PETITION FOR WRIT OF
         v.                                 )    HABEAS CORPUS
15                                          )
                                            )
16    JAMES D. HARTLEY, Warden,             )
                                            )
17             Respondent.                  )
                                            )
18

19        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20    pursuant to 28 U.S.C. § 2254.

21        On November 1, 1982, Petitioner was convicted in the Merced County Superior Court of

22    second degree murder.  See Petition at 2. Petitioner was sentenced to serve an indeterminate term of

23    fifteen years to life in state prison. Id.

24        On October 30, 2007, Petitioner filed the instant federal petition for writ of habeas corpus.

25                                **DISCUSSION**

26        Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

27        If it plainly appears from the petition and any attached exhibits that the petitioner is not
          entitled to relief in the district court, the judge must dismiss the petition and direct the clerk
28        to notify the petitioner.

U.S. District Court
E. D. California        cd                        1

1   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

2   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

3   dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th

4   Cir.2001).

5         A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

6   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

7   exhaustion doctrine is based on comity to the state court and gives the state court the initial

8   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

9   U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,

10  1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

11        A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

12  full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v.

13  Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

14  1996).  A federal court will find that the highest state court was given a full and fair opportunity to

15  hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

16  basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S.

17  1 (1992) (factual basis).

18        Additionally, the petitioner must have specifically told the state court that he was raising a

19  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

20  (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);

21  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court

22  reiterated the rule as follows:

23              In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
          of state remedies requires that petitioners "fairly presen[t]" federal claims to the
24        state courts in order to give the State the "'opportunity to pass upon and correct
          alleged violations of the prisoners' federal rights" (some internal quotation marks
25        omitted). If state courts are to be given the opportunity to correct alleged violations
          of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
26        are asserting claims under the United States Constitution. If a habeas petitioner
          wishes to claim that an evidentiary ruling at a state court trial denied him the due
27        process of law guaranteed by the Fourteenth Amendment, he must say so, not only
          in federal court, but in state court.

28

1  <u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

2          Our rule is that a state prisoner has not "fairly presented" (and thus
3  exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>,
   223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
4  <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even
5  if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889
   (9th Cir. 1999) (<u>citing</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the
6  underlying claim would be decided under state law on the same considerations
   that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>,
7  195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31
   (9th Cir. 1996); . . . .
8          In <u>Johnson</u>, we explained that the petitioner must alert the state court to
   the fact that the relevant claim is a federal one without regard to how similar the
9  state and federal standards for reviewing the claim may be or how obvious the
   violation of federal law is.
10
   <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).
11
12         Petitioner states he has only sought relief with the Merced County Superior Court. Since

13 Petitioner has not presented his claims to the highest state court, the instant petition is unexhausted

14 and must be dismissed.  28 U.S.C. § 2254(b)(1).

15         The Court further notes that while Petitioner states he is challenging a parole suitability

16 hearing, his claim for relief centers on the plea bargain in his underlying conviction. He contends the

17 sentencing court illegally used a prior conviction to enhance his sentence and he asks that his

18 abstract of judgment be revised. Since Petitioner was sentenced in 1982, these claims are time-barred

19 under the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

20                                  **RECOMMENDATION**

21         Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

22 DISMISSED.

23         This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

24 States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304

25 of the Local Rules of Practice for the United States District Court, Eastern District of California.

26 Within thirty (30) days after being served with a copy, any party may file written objections with the

27 court and serve a copy on all parties.  Such a document should be captioned "Objections to

28 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

1 | filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.

2 | The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The

3 | parties are advised that failure to file objections within the specified time may waive the right to

4 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5 |     IT IS SO ORDERED.

6 |     **Dated:**   **November 6, 2007**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE